IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY FINNEY,

      Plaintiff,                                        No. 2:12-cv-2805-EFB-JAM PS

    vs.

SOCIAL SECURITY ADMINISTRATION,

      Defendant.                           ORDER

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). On April 4, 2013, plaintiff filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915, noting that he was the victim of an assault on March 13, 2013 and was hospitalized as a result thereof. Dckt. No. 16 at 1-2. Plaintiff also contends that he "has endured different forms of suffering ever since the filing of this Complaint," and alleges that shortly after plaintiff handed a copy of his complaint to a correctional officer at CSP-Sacramento, plaintiff was placed in administrative segregation without access to his legal property. *Id.* at 2. Plaintiff alleges that although he was subsequently transferred to CSP-LAC, his legal materials were not shipped with him; therefore, once he arrived, he could not gain access to the law library because he had no papers demonstrating that he had a legal deadline. *Id.* at 2-3. Plaintiff had to use his limited postage to contact outside resources so that he could secure his legal property. *Id.* at 3.

1

Plaintiff received his legal materials on March 12, 2013, but the next day, plaintiff was attacked by two inmates, resulting in plaintiff's hospitalization and administrative segregation, and a lack of access to his legal property once again. *Id.* Plaintiff contends that he remains without his legal property and access to the law library. *Id.* at 4. Plaintiff further contends that "even if he did have access to the foregoing, he's suffering so much from the assault that he cannot go forward with the proceedings without the appointment of counsel as plaintiff will continue to undergo medical and mental health therapy." *Id.* Therefore, plaintiff requests that he be appointed counsel pursuant to 28 U.S.C. § 1915. *Id.*

Although plaintiff sets forth a sympathetic set of circumstances that he has encountered, unfortunately 28 U.S.C. § 1915(e)(1) only authorizes the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. Here, the court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate his claims amount to exceptional circumstances justifying the appointment of counsel at this time. Therefore, plaintiff's motion for appointment of counsel must be denied.

Although plaintiff indicates that he still does not have his legal property and access to the law library, apparently because he did not have any impending court ordered deadlines in this action at the time, he clearly does now. Therefore, his lack of access to the law library on that ground may have been mooted by the fact that on April 10, 2013, defendant filed a motion for summary judgment to which plaintiff must timely respond. Dckt. No. 17. Local Rule 230(*l*) provides that plaintiff shall file an opposition or a statement of non-opposition thereto within twenty-one days after the date of service of the motion. However, in light of the representations

made in plaintiff's motion for appointment of counsel, plaintiff will be granted an extension of time to May 29, 2013, to respond to the summary judgment motion. With that extension, it is quite possible that if plaintiff has not already received his legal materials, he will have received those materials before his opposition to the summary judgment motion is due. If not, plaintiff may file a request for a further extension of time to file his opposition, but shall explain in any such request what efforts he made to obtain his legal materials and any response by prison staff to such efforts.

Further, although defense counsel has already provided an explanation to plaintiff regarding how to oppose a summary judgment motion, pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) and *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), Dckt. No. 17 at 6, the court reiterates that notice herein:

> This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.
>
> When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.
>
> To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. *See* L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. *See* L.R. 230(*l*).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel, Dckt. No. 16, is denied.

2. Plaintiff has until May 29, 2013 to file an opposition or statement of non-opposition to defendant's summary judgment motion, and a response to defendant's statement of undisputed facts.

3. On or before June 12, 2013, defendant shall serve and file a reply to any such opposition. The motion will be deemed submitted when the reply is filed.

Dated: May 8, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4