IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY FINNEY,

     Plaintiff,                                    No. 2:12-cv-2805-EFB-JAM PS

vs.

SOCIAL SECURITY ADMINISTRATION,

     Defendant.                              <u>ORDER</u>

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). On April 10, 2013, defendant filed a motion for summary judgment. ECF No. 17. Pursuant to Local Rule 230(*l*), plaintiff's opposition to the summary judgment motion would originally have been due within twenty-one days after the date of service of the motion. However, because plaintiff indicated that he did not have his legal property or access to the law library, on May 9, 2013, the court issued an order providing plaintiff until May 29, 2013 to respond to the summary judgment motion. ECF No. 19 at 3; *see also* ECF No. 16. The court noted, however, that if plaintiff did not receive his legal materials before his opposition to the summary judgment motion is due, "plaintiff may file a request for a further extension of time to file his opposition, but shall explain in any such request what efforts he made to obtain his legal materials and any response by prison staff to such efforts." ECF No. 19 at 3.

Then, on May 20, 2013, plaintiff filed a request for an extension of time to file his opposition to the summary judgment motion, ECF No. 20, and that extension was granted on May 22, 2013, ECF No. 21. Plaintiff was given until July 15, 2013 to file an opposition or statement of non-opposition to defendant's summary judgment motion, and a response to defendant's statement of undisputed facts.

Although the July 15 deadline has now passed, court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to defendant's motion, as required by the May 22, 2013 order and Local Rule 230(l).

Local Rule 230(*l*) provides that "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause, in writing, no later than August 30, 2013, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion and for failure to timely file a response to defendant's statement of undisputed facts.

/////

/////

     2. Plaintiff shall also file an opposition to the motion, or a statement of non-opposition thereto, and a response to defendants' statement of undisputed facts, no later than August 30, 2013.

     3. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that the motion be granted. Further, plaintiff is admonished that the failure to comply with the court's orders or the court's Local Rules may result in the dismissal of this action. *See* Fed. R. Civ. P. 41(b); Local Rule 110.

     4. Defendant may file a reply to plaintiff's opposition, if any, on or before September 13, 2013.

     5. The status (pretrial scheduling) conference that is currently set for August 28, 2013 is continued to December 18, 2013 at 10:00 a.m. in Courtroom No. 8.

     6. On or before December 4, 2013, the parties shall file status reports, as provided in the court's December 11, 2012 order.

     SO ORDERED.

Dated: July 31, 2013.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE